## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ANTHONY J. TESTA,

                Plaintiff,

                v.

DOE POTATO, et al.,

                Defendants.

Civil Action No. 20-5511 (FLW) (ZNQ)

**MEMORANDUM ORDER**

       This matter comes before the Court upon *pro se* Plaintiff Anthony J. Testa's ("Plaintiff") Motion to Seal (the "Motion"), (ECF No. 3), in which Plaintiff moves for temporary seal, an extension of deadlines concerning a possible motion to seal until at least ninety days after Defendants[1] answer to file a motion to seal, and seeking a declaratory judgment that "Defendants bear the burden to propose redactions of filed papers of Plaintiff . . . of preparing redacted versions of filed documents, and of filing a motion to seal if one is required." Plaintiff's Motion is unopposed. The Court has carefully considered Plaintiff's arguments, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Motion is granted as to the requests to seal certain exhibits within the Complaint, but the Court denies Plaintiff's motion for an extension of deadlines and a declaratory judgment.

---

[1] Plaintiff has named "Doe Potato," the Department of Justice, the Federal Bureau of Investigation, the United States Secret Service, the Department of Homeland Security, the Central Intelligence Agency, the National Security Agency, "Doe Maid," "Doe Mother," "Doe Shoprite Stalkers," "Doe Black Man," "Doe Handlers," "Doe Agent in Charge," and Doe Immediate Supervisors of FBI Agent James Simpson, Jack Hoban, Jose Achacoso as Defendants in this action.

Plaintiff filed his Complaint on May 5, 2020, alleging that on or about March 29, 2020, "five stalking federal agents each purposefully came within six feet of Plaintiff [Testa] to threaten and attempt to infect him with the deadly virus COVID-19 in the midst of a global pandemic, National and New Jersey state emergencies." (Compl. at 1, ECF No. 1.) He also seeks relief against "[a] DOE Caucasian woman at the potato bin of the Shoprite located on Fischer Blvd., Toms River, N.J. on March 29, 2020," and other various vaguely named entities. (*Id.* ¶ 2.) Plaintiff alleges violations of 18 U.S.C. § 2511, specifically, that certain government officials intercepted his communications and bugged his personal devices, (*id.* ¶¶ 56-61); in addition to violations of 50 U.S.C. § 1809, claiming that the government is surveilling him, (*id.* ¶¶ 62-64.2); the New Jersey Wiretapping and Electronic Surveillance Control Act, N.J.S.A. 2A:156A-3, (*id.* ¶¶ 65-69); 18 U.S.C. § 1343, wire fraud (*id.* ¶¶ 70-76); 18 U.S.C. § 1513, claiming that federal agents were retaliating against him for accusing them of felonies in a former action in federal court (*id.* ¶¶ 77-92); 18 U.S.C. § 1512, tampering with a witness, victim or informant, (*id.* ¶¶ 93-102); 18 U.S.C. § 1962, which discusses penalties for engaging in racketeering activity, (*id.* ¶¶ 103-115); and New Jersey statutes claiming that the government used biological weapons against him, assaulted him, and terrorized him, as a part of an elaborate conspiracy to infect him with COVID-19, among other allegations.

Plaintiff filed his Motion on May 5, 2020, requesting the sealing of exhibits in the complaint containing private personal information, requesting an extension of deadlines, and a declaratory judgment that Defendants were required to redact his documents. (Mot.) Plaintiff then filed an Amended Motion to Seal, (ECF No. 16-1), which further seeks to seal subsequent filings on the docket, including "[Temporary Restraining Order ("TRO")] hearing minutes," (ECF No.

11), and his Motion for Reconsideration of the Court's denial of his TRO, (ECF No. 12). (*Id.* at 1.)

Any item filed with the Court is considered a "judicial record." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). "[D]istinct from the District Court's ability to protect discovery materials under [Federal Rule of Civil Procedure ("Rule")] 26(c), the common law presumes that the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "[T]he strong presumption of openness inherent in the common law right of access 'disallows the routine and perfunctory closing of judicial records.'" *Id.* at 677 (quoting *In re Cendant Corp.*, 260 F.3d at 193–94). To overcome the presumption, the party seeking to have the records sealed "must demonstrate that the material contains the type of information that courts will protect and that there is good cause for [the] order . . . ." *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004). "Good cause is established if there is a showing that disclosure will result in a clearly defined and serious injury to the party seeking to overcome the presumption of access." *Id.*; *see also Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). In delineating the injury to be prevented, it is essential for the party seeking the seal to be specific; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194. "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d at 673 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)).

Before court filings may be sealed, Local Civil Rule 5.3(6) requires the Court to consider and make findings on each of the factors set out in Local Civil Rule 5.3(3). Those factors are:

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrant the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
> (d) why a less restrictive alternative to the relief sought is not available;
>
> (e) any prior order sealing the same materials in the pending action; and
>
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3. Additionally, Local Civil Rule 5.2(17) governs redactions of sensitive information, including "medical records, treatment, and diagnoses." L. Civ. R. 5.2(17)(2). Nothing in Local Civil Rule 5.2 places a burden on the opposing party to redact documents, even if that party is a *pro se*, and even if, as Plaintiff claims, his "health is in such a poor state that the effort to negotiate redactions with Defendants [and] to redact documents for public disclosure is extremely burdensome for him at the present time." (Mot. 15.) For this reason, the Court will not require Defendants to redact documents on behalf of Plaintiff, and the relevant portion of Plaintiff's Motion to Seal is denied.

Plaintiff also requests an extension of deadlines "until at least 90 days after Defendants answer," (*id.* at 2), but Plaintiff is required to comply with the deadlines set forth by the Court. Though courts "tend to be flexible when applying procedural rules to pro se litigants when interpreting their pleadings[,]" *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)

(citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)), "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants." *Id.* (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). Though Plaintiff is *pro se*, he must adhere to the deadlines prescribed by the Federal Rules of Civil Procedure.

Finally, Plaintiff seeks to seal "all of the documents filed, including the Complaint, Caption, Briefs, Emergent Motion, Table of Contents, [and] Exhibits . . . with the exception of this motion concerning seal," (Mot. 14), as well as "ECF No. 11 (the TRO Hearing Minutes), ECF No. 12 (Motion for Reconsideration of ECF No. 10 [)]." (Am. Mot. to Seal Br. 1, ECF No. 16-1.) Plaintiff has failed to demonstrate good cause that he will suffer serious injury should the Complaint itself, his "Emergent Motion," the TRO Hearing Minutes, or his Motion for Reconsideration be accessible to the public. Because Exhibits 13–19, 21  22, and 25 contain information that is personal and sensitive to him, they are photographs and redaction would be impracticable, the public's interest in the photographs is outweighed by their sensitive nature, and Defendants do not oppose, the Court will permit these Exhibits to be permanently sealed.

For the reasons stated above and for other good cause shown,

**IT IS** on this 3rd day of August, 2020

**ORDERED** that Exhibits 13–19, 21–22, and 25, (ECF Nos. 1-18 to -24, -26, -27, -30, -31), shall be permanently sealed; and it is further

**ORDERED** that Plaintiff's Complaint, (ECF No. 1), and Exhibits 1–12, 20, 23 and 24 (ECF Nos. 1-6 to -17, -25, -28, -29) shall be unsealed.

ZAHID N. QURAISHI
UNITED STATES MAGISTRATE JUDGE